**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RODNEY COLLETTI,** | **CIVIL ACTION** |
| **Plaintiff** | |
| **VERSUS** | **NO.  25-1652** |
| **AGP TRANSPORT, LLC, ET AL.,** | **SECTION: "E" (2)** |
| **Defendants** | |

## ORDER AND REASONS

Before the Court is a motion to dismiss for failure to state a claim filed by Defendant AGP Transport, LLC ("AGP").[1] Plaintiff Rodney Colletti filed an opposition.[2]

## BACKGROUND

This case arises out of a vehicular accident that occurred in Orleans Parish.[3] On July 11, 2025, Plaintiff filed a Petition for Damages in the Civil District Court for the Parish of Orleans.[4] Plaintiff alleges that on July 12, 2024, Laurencio Elier carelessly drove an 18-wheel truck at a high speed on a wet roadway, lost control of the vehicle, and crashed into Plaintiff's car.[5] Plaintiff alleges Elier was an employee of AGP, the trucking company that owned the 18-wheeler involved in the accident.[6] Plaintiff alleges Elier's negligent operation of the 18-wheeler caused the accident and that AGP negligently:

(A) "Entrust[ed] the 18-Wheeler to Mr. Elier, who was not qualified or competent to operate it;

(B) Fail[ed] to properly or sufficiently train Mr. Elier to safely operate the 18-

---

[1] R. Doc. 12.
[2] R. Doc. 14.
[3] R. Doc. 1-1 at ¶ 2.
[4] *Id.*
[5] *Id.* at ¶¶ 3-5.
[6] *Id.* at ¶ 10.

1

wheeler;

(C) Fail[ed] to properly or sufficiently supervise Mr. Elier when he was operating the 18-Wheeler;

(D) Fail[ed] to ensure the 18-Wheeler was properly equipped with necessary equipment and measures to prevent the loss of control and crash at issue; [and]

(E) Fail[ed] to comply with laws, rules, regulations, and/or standards applicable to the 18-Wheeler[.]"[7]

Plaintiff alleges the collision caused significant physical injuries requiring medical treatment.[8]

On August 11, 2025, AGP and Elier removed the matter to this Court.[9] On January 5, 2025, AGP filed a Rule 12(b)(6) motion to dismiss.[10] AGP argues only that this Court should dismiss the independent negligence claim against AGP, not the negligence claim against Elier.[11] AGP argues Plaintiff pleaded only threadbare and conclusory allegations of AGP's independent negligence, which are insufficient to state a plausible claim.[12] Plaintiff argues his allegations regarding AGP's conduct create a plausible claim for relief.[13]

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to

---

[7] *Id.* at ¶ 14.
[8] *Id.* at ¶ ¶ 8-17.
[9] R. Doc. 1.
[10] R. Doc. 12.
[11] *Id.* at p. 1.
[12] *Id.* at p. 6.
[13] R. Doc. 14 at pp. 1-2.

relief.[14] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[15] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] The Court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[17] Indeed, "threadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[18] However, in assessing the complaint, the Court must accept all well-pleaded factual allegations as true and must liberally construe all such allegations in the light most favorable to the plaintiff.[19] *Twombly* does not require detailed factual allegations but does "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[20] Furthermore, at least in the ERISA context, the Fifth Circuit has held that "when discoverable information is in the control and possession of a defendant, it is not necessarily the plaintiff's responsibility to provide the information in [his] complaint."[21]

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that

---

[14] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

[16] *Id.*

[17] *S. Christian Leadership Conf. v. Sup. Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

[18] *Iqbal*, 556 U.S. at 678 (citations omitted).

[19] *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

[20] *Twombly*, 550 U.S. 544, 555 (2007).

[21] *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 730 (5th Cir. 2018).

the pleader is entitled to relief.'"[22] However, "legal conclusions can provide the framework of a complaint, [if] they [are] supported by factual allegations."[23] "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[24] "Although detailed factual allegations are not required," "[d]ismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[25] However, "[m]otions to dismiss under Rule 12(b)(6) 'are viewed with disfavor and are rarely granted.'"[26] Whether a plaintiff "will be able to offer sufficient proof to support [his or her] claims is more appropriate in the context of a motion for summary judgment or a trial on the merits" rather than in a motion to dismiss.[27] "[I]ntensive disputes of material fact . . . are usually more appropriate for summary judgment . . . ."[28]

## LAW AND ANALYSIS

### I.    Plaintiff has stated a plausible negligence claim against AGP.

Plaintiff's allegations state a plausible negligence claim against AGP. This Court must determine AGP's liability under Louisiana's traditional duty-risk analysis. Accordingly, to state a plausible claim of negligence, Plaintiff must allege facts that, accepted as true, show that (1) he suffered an injury; (2) AGP owed him a duty of care; (3) AGP breached that duty; (4) the conduct in question was the cause-in-fact of the resulting harm; and (5) the risk of harm was within the scope of protection afforded by the duty

---

[22] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).
[23] *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.
[24] *Iqbal*, 556 U.S. at 679.
[25] *Cutrer v. McMillan*, 308 Fed.Appx. 819, 820 (5th Cir. 2009) (per curiam) (citations omitted).
[26] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005)).
[27] *Smith v. GE Healthcare, Inc.*, No. 3:19-CV-00492, 2019 WL 4565246, at *7 (W.D. La. Sept. 4, 2019).
[28] *Dong Phuong Bakery, Inc. v. Gemini Soc'y, LLC*, No. CV 21-1109, 2022 WL 898750, at *5 (E.D. La. Mar. 28, 2022).

breached.[29] The Louisiana Supreme Court has recognized that a trucking company's duty of care may extend to hiring, training, supervision, and retention of its employee drivers.[30]

AGP does not argue Plaintiff has failed to plead any specific element of a negligence claim. Instead, AGP argues Plaintiff makes conclusory and threadbare allegations insufficient to state a plausible claim for negligence.[31] AGP argues Plaintiff alleges no facts concerning AGP's knowledge of Elier's background or qualifications at the time it hired him.[32] AGP points to *Santangelo v. Omni Hotels Mgmt. Corp.* to support its argument that when a plaintiff offers only conclusory allegations of negligent hiring, he has failed to state a plausible claim for relief.[33] In that case, Judge Feldman, from this District, dismissed a negligent hiring, training, and supervision claim against a hotel when the "plaintiffs allege[d] no facts supporting an inference that the defendant knew or had reason to know that their employees were unfit to perform their jobs, that the employees were not properly supervised, or that they were not adequately trained."[34]

Plaintiff argues his allegations that AGP failed to properly train or supervise Elier, and that it negligently entrusted him with the vehicle despite his lack of qualifications, create a plausible claim for relief.[35] In support, Plaintiff cites *Intres v. Ace American Insurance Company*, in which a district judge in the Middle District of Louisiana held that a plaintiff alleging that a trucking company negligently hired, trained, and supervised a driver who injured him had stated a plausible negligence claim.[36] In that case, the

---

[29] *Intres v. Ace Am. Ins. Co.*, No. CV 22-00578-BAJ-RLB, 2023 WL 3236493, at *2 (M.D. La. May 3, 2023)
[30] *Martin v. Thomas*, 2021-01490 (La. 6/29/22), 346 So. 3d 238, 248.
[31] R. Doc. 12-1 at pp. 5-6.
[32] *Id.* at 4.
[33] No. 18-11263, 2018 WL 6448842 (ED La. Dec. 10, 2018).
[34] *Id.*
[35] R. Doc. 14 at p. 5.
[36] No. 23-00578-BAJ-RLB, 2023 WL 3236493, at *2 (M.D. La. 05/03/2023).

plaintiff alleged that the truck driver who caused the accident operated the vehicle while exceeding his daily hour limits, resulting in his careless driving.[37] The plaintiff alleged that the driver's hours limit violation and reckless driving resulted from his employer's inadequate qualification, training, and supervision of him.[38] Considering these allegations, the court held that a jury could plausibly find that the accident was a foreseeable effect of the company's negligence.[39]

In this case, Plaintiff has alleged facts that satisfy elements (1) and (2) of the duty-risk analysis. Plaintiff has alleged he suffered an injury, as he stated that he suffered physical harm due to the accident,[40] and that AGP owed him a duty of care to properly qualify, train, and supervise Elier.[41] The Louisiana Supreme Court has recognized that a trucking company's duty of care can extend to hiring, training, and supervision of its employee drivers.[42] As a result, whether or not Plaintiff has stated a plausible negligence claim depends on whether he has alleged facts that, accepted as true, show that AGP breached its duty of care, that AGP's conduct caused Plaintiff's harm, and that the risk of harm was within the scope of protection afforded by AGP's duty.[43]

Plaintiff has alleged facts that satisfy these remaining elements. Like in *Intres*, Plaintiff in this matter alleges that the accident occurred because of a specific failure on the part of the truck driver—his driving the 18-wheeler at a high speed despite the wet road.[44] Plaintiff alleges Elier's driving at an excessive speed despite wet conditions

---

[37] *Id.*
[38] *Id.*
[39] *Id.*
[40] R. Doc. 1-1 at ¶ 17.
[41] *See Boykin v. Louisiana Transit Co.*, 96-1932 (La. 3/4/98), 707 So. 2d 1225, 1231 ("[t]here is an almost universal duty on the part of the defendant in negligence cases to use reasonable care so as to avoid injury to another.")
[42] *Martin v. Thomas*, 2021-01490 (La. 6/29/22), 346 So. 3d 238, 248.
[43] *Intres*, 2023 WL 3236493, at *2.
[44] R. Doc. 1-1 at ¶ 3.

6

resulted from his employer's failure to adequately qualify, train, and supervise him.[45] These allegations amount to more than conclusory recitations of law; rather, they explain how AGP's conduct led to an unqualified driver carelessly operating a substandard truck on a highway in rainy conditions. Accepting these allegations as true, the Court may draw the reasonable inference that AGP breached its duty to qualify, train, and supervise Elier, as well as its duty to ensure the vehicle was safe for the road.[46]

Plaintiff further alleges AGP's breach of duty caused the accident that injured him.[47] Common sense indicates that a poorly trained, supervised, or insufficiently skilled driver operating a faulty 18-wheeler could cause an accident on the highway.[48] A jury could plausibly find that the vehicular accident and Plaintiff's resulting injuries were foreseeable effects of AGP's failure to train Elier on how to operate an 18-wheeler in rainy conditions, as well as AGP's failure to supervise his driving and ensure he was qualified for the position.[49] In viewing Plaintiff's allegations in a light most favorable to him, the Court may draw the reasonable inference that AGP's conduct caused Plaintiff's harm and that the risk of harm was within the scope of protection of AGP's duty. As a result, Plaintiff has adequately pleaded each of the necessary elements of his independent negligence claim against AGP.

Defendant points out that Plaintiff has not pleaded facts concerning AGP's knowledge of Elier's background or its driver training protocol.[50] This type of discoverable information is exclusively in the control and possession of AGP. The Fifth Circuit has held

---

[45] *Id.* at ¶ ¶ 3, 14.
[46] *Intres*, 2023 WL 3236493, at *2.
[47] R. Doc. 1-1 at ¶ 9.
[48] *Intres*, 2023 WL 3236493, at *2.
[49] *See id.*
[50] R. Doc. 12-1 at pp. 5-6.

that in such a situation, it is not necessarily a plaintiff's responsibility to provide this non-accessible information in his complaint.[51] Moreover, in *Quezada v. MDS Trucking V Inc.*, the district court for the Western District of Texas, adopting a report and recommendation from a magistrate judge, agreed that information such as a driver's "history of incompetent or habitually reckless driving" or his "fatigued driving at the time of the accident" is ordinarily in the control and possession of a trucking company and declined to dismiss a gross negligence claim against a trucking company whose driver caused a collision with the plaintiff.[52] The court noted that, if plaintiffs are required to plead facts concerning information they do not have access to, "[t]here are certain types of cases that will be almost impossible to bring, as all of the information necessary to state a plausible claim is owned or known by the defendants and not accessible to the plaintiffs until the discovery phase."[53]

In the present matter, any information concerning Elier's qualifications at the time AGP hired him, or AGP's training procedures and supervision policies, remain in AGP's control. Requiring plaintiffs to plead facts to which they do not have access would, in most instances, preclude claims of negligent hiring, supervision, and training against trucking companies. Rather than granting AGP's 12(b)(6) motion—which courts rarely do[54]—the Court will allow Plaintiff the opportunity to fully develop the evidence in support of his claim.[55] If discovery fails to produce information that will support Plaintiff's claims

---

[51] *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 730 (5th Cir. 2018).

[52] *Quezada v. MDS Trucking V Inc.*, No. EP-23-CV-434-KC, 2024 WL 3748381, at *7-8 (W.D. Tex. Aug. 9, 2024).

[53] *Id.* at *7 (quoting 5 Wright & Miller § 1216).

[54] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005)).

[55] *Intres*, 2023 WL 3236493, at *2.

against AGP at trial, AGP may seek relief through a motion for summary judgment.

The Court declines to dismiss Plaintiff's independent negligence claim against AGP.

Accordingly;

**IT IS ORDERED** that Defendant's Motion to Dismiss is **DENIED**.[56]

**New Orleans, Louisiana, this 17th day of March, 2026.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[56] R. Doc. 12.